IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, | : : : | Civil Action No. 1:08-CV-0971 |
| Plaintiff | : : | (Chief Judge Kane) |
| v. | : : | |
| RALPH J. CAPPY, et al., | : : | |
| Defendants | : | |

## MEMORANDUM

Pending before the Court is Plaintiff's motion requesting that the Court recuse from the above-captioned action and assign a "non-Pennsylvania federal district judge" to preside over the case. (Doc. No. 42.) Plaintiff has filed a brief in support of the motion, together with an affidavit from Bonita Hoke, the Executive Director of the League of Women Voters of Pennsylvania. (Doc. No. 44, 43.) Defendants have filed a brief opposing the motion. (Doc. No. 45.) Plaintiff's motion, which finds no basis in fact or law, will be denied.

Plaintiff's sole basis for its modest demand that this Court recuse itself – as well as all district judges from the Middle, Eastern, and Western Districts of Pennsylvania – is that the current Chief Justice of the Pennsylvania Supreme Court, a non-party to these proceedings, reportedly commented publicly criticizing Plaintiff's cause of action and suggesting that Plaintiffs should be sanctioned for filing a frivolous lawsuit. Without establishing or even alleging that the undersigned or any other judges of this Court were until now aware of these comments, Plaintiff alleges that Chief Justice Castille's comments constitute "instructions" to this Court regarding how to rule in this case. Plaintiff also recklessly suggests that the Chief Justice's supposed political and economic influence over the members of this Court (indeed, over

any federal judge sitting in Pennsylvania) creates an appearance of partiality that somehow mandates recusal of every federal district judge in the Commonwealth. The Court finds Plaintiff's allegations regarding the effect of the Chief Justice's comments to be completely baseless. The presumption that every sitting federal judge in Pennsylvania would be motivated to please Chief Justice Castille because doing so would further his or her presumed desire to be elevated to an appellate court is as laughable as the notion that Chief Justice Castille would exercise his presumed political influence to punish any federal judge who fails to defer to him by preventing his or her elevation to a higher court. Furthermore, Plaintiff's assertion that "reasonable" Pennsylvanians would perceive any adverse ruling against Plaintiff in this case to be the result of undue influence or bias resulting from the Chief Justice's public comments is itself plainly unreasonable.

The statute governing recusal, 28 U.S.C. § 455(a), provides in relevant part that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." As the Supreme Court has recognized, the purpose behind the recusal statute is "to promote public confidence in the integrity of the judicial process." Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 860 (1988). Federal judges overseeing the proceedings brought before them are presumed to be impartial, and the party moving for a judge to recuse bears a heavy burden of demonstrating bias. See, e.g., Sharp v. Johnson, No. 00-2156, 2007 U.S. Dist. LEXIS 76254, * 3 (W.D. Pa. Oct. 15, 2007); United States v. IBM Corp., 475 F. Supp. 1372, 1379 (S.D.N.Y. 1979), aff'd, 618 F.2d 923 (2d Cir. 1980).

Plaintiff ignores its substantial burden in this case and instead attempts to shift the burden

squarely onto the Court to explain how a reasonable person would <u>not</u> find the Court to be biased in light of Chief Judge Castille's comments. Plaintiff occasionally tries to soften its allegations and obfuscate its misinterpretation of the legal principles governing recusal, but Plaintiff nevertheless repeatedly demands that the Court prove its impartiality. For example, Plaintiff contends that "[u]nless this Court can rule that comments made by the current Chief Justice, given his status, influence and power, cannot be viewed by a reasonable man as having a potential impact on this Court, plaintiff's instant motion must be granted." (Doc. No. 44, at 6-7.) Similarly, Plaintiff proclaims that "unless this Court can explain how it is not possible for a reasonable man to question whether the Chief Justice's comments might create a bias by this Court against the plaintiff," then the Court must recuse. (<u>Id.</u> at 7.) This distortion of the law is followed up by an even more impertinent demand:

> unless this Court can state that it has no future ambition or desire to receive an appointment to the United States Court of Appeals, or that no reasonable man could view the Chief Justice's conduct and public comment on this case as evidence of a potential pecuniary threat against this Court or any other Pennsylvania federal district court judge, this Court must recuse itself and seek the appointment of a non-Pennsylvania federal district court judge immune from the influence of the Chief Justice and of the judicial and political elite he and his public statements represent.

(<u>Id.</u> at 11.) Plaintiff offers no support for its position that this Court is bound to explain how a reasonable person would not find the Court biased in the face of public comments made by a non-party to this case. In fact, there is no legal support for this proposition. The law governing recusal makes clear that it is the party seeking recusal that bears the burden of demonstrating that recusal is warranted and Plaintiff has failed to meet this burden.

Additionally, the Court agrees with Defendants that a reasonable person would

3

understand that the Chief Judge of the Pennsylvania Supreme Court does not "instruct" this Court or any other federal judge as to how to adjudicate a pending federal civil action. The Court is quite confident that reasonable Pennsylvanians would not do as Plaintiff suggests and assume that alleged out-of-court statements by a state court justice would influence this Court's impartial adjudication of federal constitutional claims involving other parties.

Finally, Plaintiff's demand that this Court recuse from the pending action and somehow assign the case to another federal judge sitting outside of this Commonwealth is plainly absurd. Plaintiff seems to suggest that any time a high-ranking state judge or politician comments publicly regarding a pending action (whether or not the speaker is actually a party to the action), every federal trial judge sitting in Pennsylvania will have been rendered incapable of impartially adjudicating the matter. This is such an obviously incorrect suggestion regarding the law governing recusal that it does not merit further discussion, other than to note that the Court rejects it.

In conclusion, the Court finds that Plaintiff has failed to satisfy its burden of demonstrating that a reasonable person, with knowledge of the facts relevant to this case, would question this Court's impartiality – or the impartiality of any federal judge sitting in the Commonwealth – in adjudicating this action. Accordingly, Plaintiff's motion will be denied. An order consistent with this memorandum follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, | : | Civil Action No. 1:08-CV-0971 |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | |
| RALPH J. CAPPY, et al., | : | |
| Defendants | : | |

## ORDER

**AND NOW**, this 26th day of June 2009, upon consideration of Plaintiff's motion requesting that this Court recuse from the above-captioned action and reassign the matter to a "non-Pennsylvania federal district judge," (Doc. No. 42); and the Court finding that Plaintiff has failed to demonstrate that a reasonable person, with knowledge of relevant facts, would question this Court's impartiality in adjudicating this action; and for the additional reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion is **DENIED**.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania