# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, | Civil Action No. 1:08-CV-0971 |
| Plaintiff | (Chief Judge Kane) |
| v. | |
| RALPH J. CAPPY, et al., | |
| Defendants | |

## MEMORANDUM

## I.  INTRODUCTION

Plaintiff League of Women Voters brought this action under 42 U.S.C. § 1983 against Ralph J. Cappy in his personal capacity, alleging that he took actions that violated Plaintiff's due process and constitutional rights during his tenure as Chief Justice of the Pennsylvania Supreme Court.[1]  On June 26, 2009, the Court entered an order granting motions to dismiss filed by Defendant Cappy and the Disciplinary Defendants.

On July 13, 2009, Plaintiff filed a motion asking the Court to reconsider its order, asserting that the Court erred by adjudicating Defendant Cappy's pending motion to dismiss within the 90-day substitution period provided in Rule 25(a)(1) of the Federal Rules of Civil Procedure.  In essence, Plaintiff suggests that Defendant Cappy's death afforded Plaintiff another

---

[1] On July 22, 2008, Defendant Cappy filed a timely motion to dismiss Plaintiff's action. After Plaintiff's opposition brief was stricken, Plaintiff missed the deadline for responding to Defendant Cappy's motion.  Instead of filing a proper response, Plaintiff filed an amended complaint that did little more than add new claims against new defendants Paul J. Killion, Paul J. Burgoyne, and Raymond S. Wierciszewski (collectively, the "Disciplinary Defendants"), all counsel to the Disciplinary Board of the Supreme Court of Pennsylvania.  These new claims against the Disciplinary Defendants shared no relationship with Plaintiff's claims against Defendant Cappy.  Defendant Cappy moved to dismiss the amended complaint on October 24, 2008.

opportunity to substitute additional parties and legal theories, rather than the limited opportunity to substitute a proper party in Defendant Cappy's place, and it was therefore improper to adjudicate the pending motion on the merits before the substitution period expired.

Plaintiff did not file a brief in support of its motion, as is required by Local Rule 7.10, and this fact alone is cause to deny the motion. But even aside from this procedural failing, the motion is meritless. In its order granting Defendant Cappy's motion to dismiss, the Court explained at length the several reasons why Plaintiff's claims were unquestionably moot and why Plaintiff lacked standing to prosecute them in any event. That Plaintiff's claims against Defendant Cappy failed to present a cognizable case or controversy under Article III of the United States Constitution cannot be remedied by substituting a "proper party" in Defendant Cappy's place following his death. Indeed, as Plaintiff sought only declaratory and injunctive relief against Defendant Cappy, the mootness of these claims is all the more evident as the result of his passing. Plaintiff asserted no cognizable claim against Defendant Cappy and there is no basis for the Court to reconsider its ruling. Accordingly, the motion will be denied.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) authorizes a party to move to alter or amend a judgment. See Fed. R. Civ. P. 59(e). A Rule 59(e) motion is a motion for reconsideration. The purpose of a motion for reconsideration is to "'correct manifest errors of law or fact or [to] present newly discovered evidence.'" Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)). A judgment may be altered or amended on three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for

summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Dissatisfaction with the Court's ruling is not a proper basis for reconsideration." Id. (citation omitted).

## III. DISCUSSION

Plaintiff contends that because Defendant Cappy died on May 1, 2009, and because a suggestion of death was filed on May 7, 2009, it was error for the Court to have adjudicated Defendant Cappy's pending motion to dismiss until Plaintiff had the opportunity to substitute a successor party in Defendant Cappy's place within the 90-day substitution period provided for in Rule 25(a)(1) of the Federal Rules of Civil Procedure. More specifically, Plaintiff asserts that due to unspecified

> information in the record, as well as additional information discovered by plaintiff's legal counsel after the instant action was filed, plaintiff believes the instant action may be expanded to incorporate additional substituted defendants. Further, the substituted defendants contemplated by plaintiff will alter the underlying legal arguments of this action and render all, or a portion, of this Court's rational [sic] for dismissing the instant action invalid.

(Doc. No. 49, at 1-2.)

Although Plaintiff informs the Court that it intends to file a brief in support of its motion for reconsideration on or before July 26, 2009, "[p]ursuant to Local Rule 7.5," that rule does not govern motions for reconsideration. Instead, Local Rule 7.10 provides specifically that "[a]ny motion for reconsideration or reargument <u>must be accompanied by a supporting brief</u> and filed within ten (10) days after the entry of the judgment, order or decree concerned." M.D. Pa. L.R. 7.10. Plaintiff's failure to adhere to this local rule is sufficient basis enough to deny the motion,

3

particularly given the interest in upholding the finality of judgments.

But even were the Court to consider relaxing Local Rule 7.10's application in this case, the Court would find it inappropriate to do so based solely on Plaintiff's vague and legally meritless justification offered in support. In essence, Plaintiff's motion is predicated upon the mistaken notion that Defendant Cappy's untimely death has opened the door to a fresh 90-day period in which to add additional defendants or legal claims, rather than the limited opportunity to substitute a "proper party" in Defendant Cappy's place. See Fed. R. Civ. P. 25(a)(1); Moore's Federal Practice § 25.12[3] (3d ed. 2009) ("Rule 25(a) allows the court to order substitution of the 'proper party.' . . . Generally, the proper party for substitution is the person who has the legal right and authority to pursue the claims brought by the deceased party or to defend against the claims brought against the deceased party.").

Defendant Cappy, ably represented by counsel throughout this proceeding, had pending prior to his death a meritorious motion to dismiss Plaintiff's amended complaint on the basis that, inter alia, Plaintiff's lacked standing to prosecute the claims and because the claims were moot as a result of Defendant Cappy having retired from his position as the Chief Justice. This motion was ripe in mid-November 2008. The fact of Defendant Cappy's death had absolutely no bearing upon the merits of his dispositive motion, and by ruling on the motion during the 90-day substitution period, the Court did not in any way infringe upon Plaintiff's rights to substitute a

successor party in Defendant Cappy's place.[2] As the Court's ruling explained, Plaintiff advanced no cognizable claims against Defendant Cappy. This fact cannot be altered by substituting a "proper party" in Defendant Cappy's place, and it plainly may not be altered by using Defendant Cappy's death as an opportunity to add new claims or alternative legal theories against different parties. Plaintiff's motion for reconsideration is therefore without basis and will be denied.

---

[2] Indeed, it would be perverse if a procedural rule intended largely to allow the substitution of a proper party in order to protect a deceased litigant's rights would preclude a court from entering an order granting a motion to dismiss in the deceased litigant's favor on the merits. The Court recognizes that Rule 25(a)(1) may in certain cases serve to protect the interest of other parties, such as those pursuing claims against the deceased litigant. But this aspect of the rule is not implicated in this case, for the simple reason that Plaintiff's claims against Defendant Cappy were not dismissed <u>because</u> he died. Rather, the claims were dismissed because they were moot and because Plaintiff lacked standing to prosecute them. Accordingly, although Plaintiff may not have been pleased with the Court's ruling, the League cannot argue that it was somehow prejudiced by the dismissal of its claims upon consideration of a fully-briefed and meritorious dispositive motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| THE LEAGUE OF WOMEN VOTERS OF PENNSYLVANIA, | : | Civil Action No. 1:08-CV-0971 |
|---|---|---|
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | |
| RALPH J. CAPPY, et al., | : | |
| Defendants | : | |

# ORDER

AND NOW, this 24th day of July 2009, upon consideration of Plaintiff's motion for reconsideration (Doc. No. 49), and for the reasons set forth in the attached memorandum, IT IS HEREBY ORDERED THAT the motion is DENIED.

/s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania